UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re

DANIEL COOPER

    Debtor,

DANIEL COOPER,

    Plaintiff

  v.

MALVESTOR COOPER,
AMY ROGERS,
ELIZABETH H. HUNTLEY

    Defendants.

Case No. 02-32683-WRS
Chapter 7

Adv. Pro. No. 09-3016-WRS

## MEMORANDUM DECISION AND
## ORDER DISMISSING ADVERSARY PROCEEDING

This Adversary Proceeding is before the Court upon Defendants' motion to dismiss. (Doc 5). Plaintiff filed a response (Doc 11) and Defendants thereafter submitted supplemental documentation in support of their motion. (Docs 15-22). Plaintiff is a debtor in this bankruptcy court and ex-husband of Defendant Malvestor Cooper. Defendants Amy Rogers and Elizabeth H. Huntley both represented ex-wife Malvestor Cooper in bankruptcy and other state court proceedings. In the complaint, Plaintiff alleges Defendants violated the provisions of 11 U.S.C. § 525(a) by seeking to enforce a divorce decree which ordered the Plaintiff to pay a mortgage debt as part of the equitable distribution of martial property. Plaintiff avers that this mortgage debt was discharged in bankruptcy but fails to plea a violation of the discharge injunction pursuant to 11 U.S.C. § 524(a). For the purposes of this motion to dismiss, the Court will consider whether the facts alleged in Plaintiff's complaint are sufficient to substantiate either a claim under section 525(a) or 524(a). For the reasons set forth below, the Court finds that Plaintiff's complaint does not state a claim upon which relief can be granted and is hereby DISMISSED.

- 1 -

I.      **Jurisdiction and Legal Standard**

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Accordingly, this is a final order.

The instant motion is governed by the provisions of Bankruptcy Rule 7012 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. "We will accept as true the complaint's well pleaded facts, even if disputed, but not its conclusions." S & Davis International, Inc., v. The Republic of Yemen, 218 F.3d 1292, 1298 (11th Cir. 2000) (citing Saudi Arabia v. Nelson, 507 U.S. 349, 351, 113 S.Ct. 1471, 123 L.Ed.2d 47 (1993) and Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). One need only make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. (internal citations omitted). The complaint is construed in the light most favorable to the Plaintiff.

II.     **Discrimination Claim pursuant to § 525(a)**

Section 525(a) of the Bankruptcy Code is an antidiscrimination provision whose purpose is to prohibit treating bankruptcy debtors differently from nondebtors. University Medical Center v. Sullivan, 122 B.R. 919 (E.D. Penn. 1990). This provision was designed to prevent governmental units from discriminating against an individual simply because they filed for bankruptcy protection. Matter of Elsinore Shore Associates, 66 B.R. 708, 720 (Bankr. N.J. 1986). It provides that:

> … a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or

debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

The term "governmental unit" is defined by section 101 to include:

United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

In the present case, the Plaintiff alleges that Defendants Malvester Cooper, Elizabeth H. Huntley, and Amy Rogers, violated section 525(a). These Defendants, joined to this lawsuit in their individual capacity, are not "governmental unit[s]" within the meaning of section 101. Having failed to name a defendant of the type require to proceed under section 525(a) the Plaintiff's discrimination claim is dismissed.

### III.     Violation of Discharge Injunction pursuant to § 524(a)

On June 19, 1997, Debtor and the Defendant Malvester Cooper, as then husband and wife, executed a mortgage secured by real property located at 821 Enterprise Road, Clanton, Alabama ("Enterprise property"). On September 3, 2002, husband filed a Chapter 7 Bankruptcy Petition and received a discharge on January 21, 2003. Thereafter, Debtor and Defendant Malvester Cooper filed for divorce and a Final Judgment of Divorce was entered on September 23, 2004. This divorce decree provided for the division of martial property and liabilities. The Circuit Court awarded Debtor the Enterprise property and ordered that Debtor "shall be solely liable for all debt secured by or related to the real property," including a mortgage debt which is the subject of this dispute. The decree further states that the Debtor "[s]hall pay same in a timely fashion and indemnify and hold the Wife harmless for same." Subsequent to the entry of the divorce decree Defendant Malvester Cooper has sought to enforce this provision through contempt proceedings in Circuit Court. In response, Debtor reopened his Bankruptcy case and filed this adversary proceeding.

Although neither party raises the issue, the Court will consider whether the facts plead support a claim for violation of the discharge injunction. 11 U.S.C. § 524(a). In other words, whether the obligation requiring Debtor to pay all debts related to the Enterprise property created by the post-petition divorce decree is a debt that arose before the date of the petition and was discharged pursuant to section 727(b). If so, Defendant's actions to collect such discharged debt would be a violation of section 524(a).

Section 524(a), in part, provides that:

A discharge in a case under this title--

\*        \*        \*

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

11 U.S.C. 524(a). The purpose of this section is to prohibit creditors from using state courts to attempt to collect discharged debts from debtors that received a discharge in bankruptcy pursuant to section 727(b). Houghton v. Foremost Financial Services Corp., 724 F.2d 112 (10th Cir. 1983). Section 727(b) grants an individual Chapter 7 debtor a discharge "from all debts that arose before the date of the order for relief under this chapter," subject to the exceptions set forth in § 523. Consequently, any efforts to collect debts that arose before the date of the petition would be a violation of 524(a). However, any debt that arises post-petition is not subject to discharge under section 727(b) and collection thereof does not constitute a violation of the discharge injunction.

"Courts have consistently held that a debtor's obligation to a former spouse under a postpetition divorce decree or settlement constitutes a postpetition debt and is not dischargeable under § 727(b)." In re Miller, 246 B.R. 559, 562 (Bankr. E.D. Tenn. 2000) (citing Arleaux v. Arleaux, 210 B.R. 148, 150 (8th Cir. BAP 1997); Compagnone v. Compagnone (In re Compagnone), 239 B.R. 841, 844-45 (Bankr. D.Mass. 1999); Scholl v. Scholl (In re Scholl), 234 B.R. 636, 645 (Bankr. E.D. Pa. 1999); In re Degner, 227 B.R. 822, 824 (Bankr. S.D. Ind. 1997); Bryer v. Hetrick (In re Bryer), 216 B.R. 755, 760-61 (Bankr. E.D. Pa. 1998); Neier v. Neier (In re Neier), 45 B.R. 740, 743 (Bankr. N.D. Ohio 1985)). Furthermore, where a divorce decree "obligates the debtor to indemnify the spouse and hold the spouse harmless from

debts incurred during the marriage courts recognize that the obligation to the spouse is separate from the original debt." Id. Consequently, a post-petition divorce obligation to hold a spouse harmless from prepetition debt will not be subject to discharge. Id.

Here, the Debtor discharged his personal obligation under the mortgage to the Enterprise property when he received his Chapter 7 discharge on January 21, 2003. However, upon divorcing Defendant the divorce decree created a separate obligation for the Debtor to pay all debts related to the Enterprise property and for him to hold Defendant harmless of the same. This obligation came into existence after Debtor's Chapter 7 discharge and is still in effect despite Debtor's previously discharged personal obligation under the mortgage. This post-petition obligation was not discharged in bankruptcy and the Defendant's actions to enforce it do not violate 11 U.S.C. 524(a). Therefore, facts plead by Debtor do not constitute a claim for violation of the discharge injunction under section 524(a).

For the reasons set forth above Debtor's complaint is DISMISSED.

Done this 5th day of November, 2009.

/s/ WILLIAM R. SAWYER
United States Bankruptcy Judge

c: Roderick Graham, Attorney for Plaintiff
Amy I. Rogers, Attorney for Cooper
Elizabeth H. Huntley, Defendant
Malvestor Cooper, Defendant