IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL COOPER, | ) |
| Appellant, | ) |
| v. | ) CASE NO. 2:10-cv-168-MEF |
| | ) (WO) |
| MALVESTOR COOPER, *et al.*, | ) |
| Appellees. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Alabama.[1] Daniel Cooper, the appellant and plaintiff in the underlying adversary proceeding, appeals the bankruptcy court's dismissal of his complaint in favor of his ex-wife Malvestor Cooper,[2] the appellee and defendant in the adversary proceeding. The other appellees are Amy Rogers and Elizabeth H. Huntley, the attorneys who represented Malvestor Cooper in bankruptcy and other state court proceedings. This appeal requires this Court to decide whether Daniel Cooper adequately pled a violation of 11 U.S.C. § 524(a) or

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 158(a), which provides that the district courts of the United States "shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges . . . ."

[2] In the Notice of Appeal, Ms. Cooper was listed as Malvestor Cooper. The docket sheet also lists Ms. Cooper's name as Malvestor. Ms. Cooper's filings in this case refer to her as Malvester. This Court will refer to her as Malvestor – the name appearing in the Notice of Appeal and the docket sheet.

11 U.S.C. § 525(a) of the bankruptcy code when he alleged that Malvestor Cooper was attempting to enforce a post-bankruptcy indemnification obligation related to a pre-bankruptcy debt.  The Court holds that Daniel Cooper did not adequately plead violations of the bankruptcy code.  The bankruptcy court's decision dismissing Daniel Cooper's complaint is due to be AFFIRMED.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

This is an appeal from an adversarial bankruptcy proceeding.  On September 3, 2002, Daniel Cooper, the appellant in this appeal, filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama.  The bankruptcy court entered a discharge order on January 21, 2003.  One of the discharged debts was Daniel's personal obligation on a mortgage secured by real property located at 821 Enterprise Road, Clanton, Alabama (the "Enterprise property").  The Enterprise property was at one point subject to two mortgages – both executed on June 19, 1997 and both listing Daniel and Malvestor Cooper as the mortgagors.  One of the mortgagees was Norwest Home Improvement, Inc. (formerly known as First Financial Funding, Inc.).  America's Servicing Company serviced the Norwest debt and, under 24 C.F.R. § 201.54, assigned the defaulted mortgage to the U.S. Department of Housing and Urban Development (HUD).

After he received his discharge, Daniel filed for divorce from Malvestor.  The Chilton County Circuit Court entered a divorce decree on September 23, 2004.  The divorce decree awarded Daniel Cooper the Enterprise property and ordered Daniel Cooper to pay its

associated debts.  The divorce decree also required Daniel Cooper to indemnify and hold his ex-wife harmless for the debt on the property.  The divorce decree awarded to Malvestor a property located at 911 Samaria Road, Clanton, Alabama (the "Samaria property") along with its associated debts.

After the divorce decree was entered, HUD intercepted at least two of Malvestor Cooper's income tax refunds.  Malvestor attempted to collect the amounts of intercepted tax refunds from Daniel in state court by invoking the indemnity and hold harmless provisions of the divorce decree.  In response, Daniel reopened his bankruptcy case and filed an adversary complaint claiming that Malvestor was improperly attempting to collect a discharged debt. Malvestor responded by moving to dismiss Daniel's complaint for failure to state a claim upon which relief can be granted.  The bankruptcy court granted Malvestor's motion to dismiss on November 5, 2009 finding that Daniel had not adequately pled a violation of 11 U.S.C. § 524(a) or  § 525(a).[3]  Daniel filed this appeal from the bankruptcy court's order dismissing his case.

### III. DISCUSSION

A.     **Standard of Review**

A district court reviewing the decision of a bankruptcy court functions as an appellate court. *In re Sublett*, 895 F.2d 1381, 1383-84 (11th Cir. 1990).  Therefore, this Court reviews

---

[3] Although Daniel's complaint alleges only that Malvestor violated 11 U.S.C. § 525(a), his Opposition to the Defendant's Motion to Dismiss did raise the § 524 issue.  The bankruptcy court analyzed Daniel's complaint under the discharge injunction provisions of 11 U.S.C. § 524 as well as the provisions § 525(a).

3

*de novo* the bankruptcy court's dismissal for failure to state a claim. *In re Villa*, 261 F.3d 1148, 1150 (11th Cir. 2001). In doing so, this Court must accept the allegations of the complaint as true and construe the alleged facts in the light most favorable to the plaintiff. *Id*. The Court then examines the factual allegations to see if they "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etailed factual allegations" are not required, but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is required." *Twombly*, 550 U.S. at 555.

**B.     Daniel Cooper's § 525(a) Claim**

The bankruptcy court's decision to dismiss Daniel's § 525(a) claim is due to be affirmed. Title 11 U.S.C. § 525(a) of the bankruptcy code is an antidiscrimination provision designed to prohibit treating bankruptcy debtors differently from nondebtors who were not in bankruptcy. *See University Medical Center v. Sullivan*, 122 B.R. 919, 924 (E.D. Pa. 1990). The provision prevents government units from discriminating against an individual simply because that individual filed a bankruptcy petition. *Matter of Elsinore Shore Associates*, 66 B.R. 708, 720 (Bankr. N.J. 1986). Upon a *de novo* review of the complaint, it is clear that Daniel failed to name a single government unit as a defendant and failed to

allege that any government unit had discriminated against him in violation of § 525(a). Therefore, the Court holds that the bankruptcy court properly dismissed Daniel's claim under § 525(a).

## C.     The Bankruptcy Court's § 524(a) Analysis

The bankruptcy court raised, *sua sponte*, and dismissed a claim that Malvestor Cooper had violated 11 U.S.C. § 524(a) by seeking to enforce the indemnity provisions of the divorce decree. Upon a *de novo* review, the bankruptcy court's decision to dismiss a claim under § 524(a) is due to be affirmed.

With limited exceptions, a bankruptcy discharge relieves a debtor from all debts that arose before bankruptcy. *See* 11 U.S.C. § 727(b); 11 U.S.C. § 523. Under § 524(a), a discharge in bankruptcy operates as an injunction against a creditor's post-bankruptcy efforts to collect a discharged debt. *See* 11 U.S.C. § 524(a)(2). Any efforts to collect debts that were discharged in bankruptcy violate 11 U.S.C. § 524(a)(2). However, debts that arise after the bankruptcy petition are not subject to discharge and efforts to collect those debts do not violate the injunctive provisions of § 524(a)(2).

"Courts have consistently held that a debtor's obligation to a former spouse under a postpetition divorce decree or settlement constitutes a postpetition debt and is not dischargeable under [11 U.S.C. § 727(b)]." *In re Miller*, 246 B.R. 559 (Bankr. E.D. Tenn. 2000) (citing cases). In addition, a debtor's "postpetition obligation to hold the spouse harmless from a prepetition debt" is not subject to discharge. *Id.* (citing cases). As a result,

"courts have expressly rejected the argument that the postpetition obligation to the spouse constitutes an attempt to collect a prepetition debt or a reaffirmation agreement." *Id.* (citing cases). This is the majority view. *But see In re Heilman*, 430 B.R. 213, 218 ( B.A.P. 9th Cir. 2010) (holding, in the community property context, that the husband's prior discharge extinguished his personal liability on community debt, including the postpetition obligation in the marriage dissolution decree to indemnify or hold his ex-wife harmless for prepetition debt).

This Court will follow the majority view. The divorce decree obligated Daniel to indemnify and hold harmless his ex-wife with respect to any debts associated with the Enterprise property. Daniel's complaint alleges that Malvestor's efforts to enforce the indemnity provisions of the divorce decree violate the discharge injunction. He sought an injunction to prevent her from enforcing the indemnity and hold harmless provisions. But Daniel's obligation to indemnify Malvestor is not a prepetition debt to a previously discharged creditor. The indemnity obligation arose after Daniel filed his petition and therefore was not discharged. For purposes of this appeal, it is of no consequence that Daniel's obligation to Malvestor requires Daniel to indemnify her from debts that were incurred prepetition. The indemnity obligation is a separate debt owed to Malvestor and not a debt owed to the original creditors whose claims were previously discharged. *See generally In re Miller*, 245 B.R. at 562. Because Daniel's postpetition indemnity obligation is not subject to discharge, the bankruptcy court properly found that Daniel's complaint to enjoin

Malvestor failed to state a claim upon which relief can be granted. *Id.* at 562.

Daniel argues that the intercepted tax refunds may be associated with a separate debt on a separate property located at 911 Samaria Road, Clanton, Alabama. Daniel states that he has no obligation under the divorce decree to indemnify or hold Malvestor harmless for debts associated with the Samaria property. Daniel argues that the bankruptcy court erred when it failed to allow Daniel to engage in discovery to determine whether the tax refunds that HUD intercepted were related to the debt on the Enterprise property or the Samaria property. The Court declines to address this issue because the scope of the indemnity provisions in the divorce decree is not an issue properly before the Court. This appeal originated with Daniel's request for an injunction against Malvestor's efforts in state court to recover intercepted tax refunds. The only question on appeal is whether Daniel's complaint properly alleged a violation of the discharge injunction. Because the indemnification obligation was not discharged, the bankruptcy court found, and this Court affirms, that the complaint does not properly allege a violation of the discharge injunction.

## IV. CONCLUSION

For the foregoing reasons, the bankruptcy court's decision to grant Malvestor's motion to dismiss is AFFIRMED.

DONE this the 18th day of March, 2011.

/s/  Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE